UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARRY JOHNSON,<br><br>     Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>     Defendants. | CASE NO. C20-1394 MJP<br><br>ORDER RESERVING RULING ON MOTION TO DISMISS |

This matter comes before the Court on Defendants' Motion to Dismiss. (Dkt. No. 11.) Having reviewed the Motion, Plaintiff's Opposition (Dkt. No. 12), the Reply (Dkt. No. 13), and all supporting materials, the Court RESERVES RULING on the Motion.

**BACKGROUND**

Plaintiff Larry Johnson's car was struck by Daniel Caplan's rental car in King County. (Complaint ¶¶ 3.2-3.3 (Dkt. No. 1-1).) Johnson sued Caplan in King County Superior Court. Caplan then removed to this Court asserting that the United States, his employer, was the real party in interest. (Dkt. No. 1.) The United States filed a certification of Brian T. Moran in which

ORDER RESERVING RULING ON MOTION TO DISMISS - 1

he states that Caplan is a government employee and was acting within his scope of employment at the time of the accident. (Notice of Removal (Dkt. No. 1); Certification of Brian T. Moran (Dkt. No. 1-3).) The United States filed a notice of substitution. (Dkt. No. 7.)

## ANALYSIS

**A.     Scope of Employment and Subject Matter Jurisdiction**

The United States asks for dismissal of this action due to Johnson's failure to exhaust his administrative remedies under the Federal Tort Claims Act, 28 U.S.C. §§ 2679, 2680(a). Johnson does not challenge his failure to exhaust. Instead, he challenges the United States' assertion that it, and not Caplan, is the proper party in interest. Johnson asks for limited discovery into whether "Caplan was acting in the course of duty under the terms of his employment and under Washington State law," to allow a complete determination of whether or not the FTCA applies. (Dkt. No. 12 at 6.) The United States has refused to provide this discovery.

"Under the Federal Employees Liability Reform and Tort Compensation Act, known as the Westfall Act, a federal employee is immune from suit upon certification of the Attorney General that the employee was acting within the scope of his employment." Pauly v. U.S. Dep't of Agri., 348 F.3d 1143, 1150-51 (9th Cir. 2003) (citing 28 U.S.C. § 2679(d)(1)). But a party may question the veracity of a Westfall certification, and the certification is subject to judicial review. See Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 420, 425 (1995). The Court has discretion to allow limited discovery as to the accuracy of the certification. See Saleh v. Bush, 848 F.3d 880, 892 (9th Cir. 2017).

The Court finds it appropriate to allow limited discovery into the scope of the employment before deciding the Motion to Dismiss. The Court is aware that generally there must be allegations in the complaint sufficient to call into question the accuracy of the certification.

See Billings v. United States, 57 F.3d 797, 800 (9th Cir. 1995) (noting that the certification is "prima facie evidence that a federal employee was acting in the scope of her employment at the time of the incident"); Saleh v. Bush, 848 F.3d 880, 892 (9th Cir. 2017). Johnson's complaint does not contain allegations that call the certification into question. But Johnson filed this case in Superior Court where Caplan's employment status was not at issue. The United States has not provided any evidence that Johnson should have been aware of Caplan's employment status at the time he filed the complaint. And the United States has refused to allow Johnson any discovery into this jurisdictional issue. In the interest of justice, the Court finds that Johnson should be permitted a limited deposition of Caplan to determine whether or not Caplan was acting within the scope of his employment with the United States at the time of the accident, as defined by Washington law. See Pauly, 348 F.3d at 1151; Rahman v. State, 170 Wn.2d 810, 815-816 (2011) (Under Washington law, a person acts as an employee if "at the time, [he was] engaged in the performance of the duties required of him by his contract of employment, or by specific direction of his employer; or, as sometimes stated, whether he was engaged at the time in the furtherance of the employer's interest.").

The Court therefore RESERVES RULING on the Motion to Dismiss and ORDERS as follows:

1. Johnson shall be permitted to take the deposition of Caplan on the limited issue of the scope of his employment at the time of the accident. The deposition may not exceed 3 hours;
2. The deposition shall be completed within 20 days of entry of this Order;

3. No more than 15 days after the conclusion of Caplan's deposition, Johnson shall then file a brief of no more than 10 pages setting forth his position as to Caplan's scope of employment;

4. No more than 5 days after Johnson files his brief, the United States shall then file a reply of no more than 6 pages; and

5. The Court will then issue its decision on the Motion to Dismiss.

The clerk is ordered to provide copies of this order to all counsel.

Dated May 6, 2021.

Marsha J. Pechman
United States Senior District Judge